# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:12-CR-00088-03-RC |
| v. | § |
| | § |
| | § |
| JENNIFER NORTHCUTT | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 7, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jennifer Northcutt. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute More than 5 Grams of Methamphetamine (Actual), a Class B Felony. The offense carried maximum imprisonment terms of 40 years. The United Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of I, was 60 to 71 months. On August 15, 2013, District Judge Leonard Davis sentenced Defendant to 60 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100 special assessment fee. On September 4, 2015, Defendant completed her period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled

substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated her conditions of supervised release when she submitted urine specimens which tested positive for methamphetamine and amphetamine on January 4, 2016; May 16, 2017; June 15, 2017; and January 29, 2018.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when she submitted urine specimens which tested positive for methamphetamine and amphetamine on January 4, 2016; May 16, 2017; June 15, 2017; and January 29, 2018, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.3(a)(2). Upon a finding of a Grade C violation, the Court may (a) revoke probation or supervised release; or (b) extend the term of probation or supervised release and/or modify the conditions of supervision. Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervised release referenced above by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 6 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Jennifer Northcutt be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** the place of confinement be Bryan, Texas, if available, in order to facilitate

family visitation and for drug treatment. The Court **FURTHER RECOMMENDS** drug treatment.

        **So ORDERED and SIGNED this 7th day of March, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE